## AM ENDE v. SEABURY et al.

*(Circuit Court, S. D. New York.   August 5, 1890.)*

1. PATENTS FOR INVENTIONS—DAMAGES FOR INFRINGEMENT.
  One who manufactures and sells a patented article is not relieved from the liability to account to the patentee therefor by the fact that he might have sold the ingredients of which the article is composed at the same or even a larger profit.

2. SAME—CORPORATIONS.
  In accounting for the profits made by a corporation in the manufacture and sale of a patented article no allowance should be made for the services of the president of the corporation where it is not shown that he received a salary.

3. SAME—LOSS OF PROFITS.
  Where the reduction in the price of a patented article by an infringer compels the patentee to reduce his price also, the loss caused by such enforced reduction is a proper item of damages in a suit for infringement.

4. SAME—PROFITS—INTEREST.
  In estimating the profits of a business, interest on the capital invested should not be considered.

In Equity.   Bill for infringement and accounting.   On exceptions to master's report.

*Antonio Knauth*, for complainant.
*N. T. M. Melliss*, for defendant.

WALLACE, J.   None of the exceptions filed by the defendant to the master's report are well taken.

1. The corporation defendant manufactured and sold the borated cotton of the complainant's patent, and it was properly held liable for the profits derived from the manufacture and sale of that article, notwithstanding it might have made and sold the cotton, boracic acid, and glycerine, which are the ingredients of borated cotton, if it had chosen to do so, and at the same or even a larger profit.   Instead of selling these ingredients, however, the defendant preferred to convert them into the new chemical composition invented by the complainant, and whatever profit it derived accrued by reason of appropriating the patented invention.

2. The master properly refused to allow the defendant, as an element of the "factory cost" of the borated cotton, interest on the capital of the corporation invested in its business.   As the supreme court say in disallowing a similar item in *Rubber Co.* v. *Goodyear*, 9 Wall. 804, in ascertaining profits:   "The calculation is to be made as a manufacturer calculates the profits of his business."   In calculating profits, manufacturers customarily treat as items of expense interest paid out on money borrowed for the use of the business, as well as rent paid for the use of property in the business; but it is not customary to charge against profit interest upon the capital embarked by the owners in the enterprise, or rent for the use of property owned by them.   There is nothing inconsistent with this conclusion in the opinion in *Manufacturing Co.* v. *Cowing*, 105 U. S. 257, because, for all that appears, in that case the "use of tools, machinery, and power," for which it was said an allowance should be made to the defendant, may have been a hired use.

3. The master properly disallowed the item of $15,000 per annum for salary of the president of the defendant as an element of cost, because it was not shown that the president was a salaried officer. The defendant introduced evidence to show what compensation would be reasonable for such services as were performed by the president of the defendant, but for all that appears he was serving without compensation. If he had been paid any salary the fact could and would have been shown.

4. The master properly found that the percentage for selling expenses which should be added to the factory cost of all the goods sold by the defendant, exclusive of the goods known as "Benson's Plasters," was 29 per cent. The fair interpretation of the very confusing statement of the cashier of the defendant is that instead of 50 per cent. the amount to be added was 76,837/132,473 of 50 per cent.

5. The testimony showed that the defendant was the only competitor of the complainant in the market in selling the borated cotton of the patent, and that in consequence of the reduction of price made by the defendant the complainant was compelled to reduce his price in order to retain his customers. The loss entailed upon him by reason of this enforced reduction of price was a proper item of damages, and was properly allowed by the master.